IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES OTIS STEVENSON, #197 121, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.:  2:13-CV-58-TMH |
| ) | [WO] |
| LOUIS BOYD, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on January 28, 2013.  On January 29,

2013, the court directed Defendant to file an answer and written report addressing Plaintiff's

claims for relief.  In compliance with  the court's order, Defendant submitted an answer and

written report on March 8, 2013, which contained relevant evidentiary materials refuting the

allegations presented in the instant complaint.  The court then issued an order directing

Plaintiff to file a response to Defendant's answer and written report. (*Doc. No. 10.*) Plaintiff

was advised that his failure to respond to Defendant's answer and written report would be

treated by the court "**as an abandonment of the claims set forth in the complaint and as**

**a failure to prosecute this action**." (*Id*.) (emphasis in original).  Additionally, Plaintiff was

"**specifically cautioned that [his failure] to file a response in compliance with the**

**directives of this order**" would result in the dismissal of this case.  (*Id*.)

The time allotted Plaintiff for the filing of a response expired on April 1, 2013.  As

of the present date, Plaintiff has filed nothing in opposition to Defendant's answer and

written report as required by order issued March 11, 2013.  In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal are appropriate.  After such review, it is clear that dismissal of this case is the proper sanction.  Plaintiff is an indigent state inmate.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Plaintiff has failed to comply with the directives of the orders entered in this case.  It is, therefore, apparent that any additional effort by this court to secure Plaintiff's compliance would be unavailing.  Consequently, the court concludes that Plaintiff's abandonment of his claims, his failure to comply with the orders of this court, and his failure to properly prosecute this cause of action warrant dismissal of this case.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc., v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

It is further

ORDERED that on or before **May 20, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of May, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE